J. JONES, Justice,
specially concurring.
I fully concur in the Court’s opinion but feel compelled to make some brief comments. A lot was at stake in this case for the Hilliards. It was obvious from the start that competent expert testimony would be necessary in order to address the issue of damages — the amount of losses that Murphy Land Company sustained by reason of the *745 delay in getting possession of the real property. The affidavit of Ken Edmunds, the Hilliards’ purported expert, failed to establish his qualifications to opine, was without foundation, and was otherwise inadequate. Jay Clark certainly had more of a basis to be knowledgeable on the issue but, as the Court points out, infirmities in his affidavit made it ineffective to create a factual question on the issue of damages. Although I make no claim to be an expert of any sort on the economics of potatoes or other crops, I did manage to learn a bit from my father, Henry Jones, who was as good a potato grower as has ever tilled the soil of southern Idaho. The loss claimed by Murphy Land Company, exceeding $3 million, certainly appears to be excessive. Had the Hilliards’ ease been adequately presented in district court and upon appeal, they may have come out substantially better. Unfortunately, the courts can only act upon the evidence competently presented and are not in a position to rescue litigants from cases that are inadequately prepared and conducted.